**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **STEVEN HAYNES**<br>**REG. # 06238-078** | **:** | **DOCKET NO. 19-cv-0999**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **USA** | **:** | **MAGISTRATE JUDGE KAY** |

# AMEND ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Steven Haynes. Haynes is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). His petition relates to events that occurred at the Federal Prison Camp in Pensacola, Florida ("FPCP"). This matter was filed in the Northern District of Florida on June 20, 2019. Doc. 1. It was transferred to the Western District of Louisiana, Lake Charles Division on July 31, 2019. Doc. 6. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

## I.
## BACKGROUND

Haynes brings this petition to challenge his deprivation of good conduct time and other privileges as a result of a prison disciplinary proceeding that occurred when he was incarcerated at FPCP. Doc. 1. Haynes was charged with committing Prohibited Act Code 108, Possession of a Hazardous Tool (Cell Phone), in an incident report filed on November 22, 2017. Doc. 1, p. 22. The report stated that a cell phone had been recovered the previous day, and that a correctional officer

received a text message on that phone while examining it. *Id.* The text message was sent from a number identified as belonging to a friend of Haynes's on his phone list. *Id.* Further investigation revealed that Haynes was the only inmate with any connection noted to that number.[1] *Id.* Haynes vehemently denied the charge, and the matter was referred to the disciplinary hearing officer ("DHO") for hearing. *Id.*

The hearing took place on December 11, 2017. *Id.* at p. 20. At that time the DHO considered evidence, including the connection between Haynes and the phone number and the fact that another message had been discovered on the phone, requesting that money be sent to Haynes' BOP account. *Id.* at p. 21. He also noted that Haynes had exercised his right to remain silent during the hearing, neither confirming nor denying that he had possessed/used the phone. *Id.* Based on this evidence, the DHO found that Haynes had committed the charged offense and imposed the following sanctions: (1) disallowance of 41 days vested good conduct time and forfeiture of 54 days of non-vested good conduct time, (2) loss of commissary privileges for six months, and (3) loss of telephone privileges for six months. *Id.*

Haynes first brought a petition to seek expungement of the disciplinary proceedings, restoration of his good conduct time, an injunction "to prevent retaliation or further malfeasance," and any monetary award the court deems appropriate to compensate him for his mental anguish, pain and suffering, and loss of phone and commissary privileges in 2018. *See Haynes v. U.S. Dept. of Justice*, Civil Action No. 2:18-cv-1542 (W.D. La. 11/26/18). He asserted the same grounds for relief that he asserts in the instant suit, that BOP officials violated his rights (1) under the Fourth Amendment by "seizing" him and transferring him to a higher security facility based on a disciplinary conviction grounded on insufficient evidence, (2) under the Fifth Amendment by

[1] The report also noted Haynes's work assignment but did not state what relevance that information had to the recovery of the phone. Doc. 1, att. 2, p. 1.

requiring him to answer for a crime he did not commit and failing to advise him of his rights before the hearing,[2] (3) under the Sixth Amendment by denying him an impartial jury, and (4) under the Eighth Amendment by imposing excessive sanctions. *Id*. at doc. 1, pp. 10–15.

The undersigned in that matter ordered petitioner to amend his petition to make corrections noted and to dismiss those claims he could not remedy. Doc. 8. Haynes responded with an amended complaint and memorandum. Doc. 9. However, the Court found that he failed to cure the deficiencies and therefore, failed to state a claim cognizable under § 2241. Doc. 10. Accordingly, the matter was denied and dismissed without prejudice.

As noted above, the suit presently before this Court was originally filed in the Northern District of Florida and subsequently transferred. It makes the same claims and asserts the same grounds for relief as *Haynes v. U.S. Dept. of Justice*, No. 18-cv-1542.[3]

## II.
## LAW & ANALYSIS

### *A. Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut*

---

[2] This claim is based entirely on the fact that the DHO report notes that inmate was informed of his rights on November 16, 2017, even though the incident report was not filed until November 22, 2017, and related to events occurring on that date and the day before. In light of the above, it appears clear that the date provided in the DHO report is a typographical error.

[3] Petitioner has also filed another identical suit in this Court, *Steven Haynes v. USA*, Civil Action No. 1:19-cv-876 (W.D. La. 7/8/19), which will be addressed in a separate ruling.

*v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

***B. Analysis***

***1. Due process and prison disciplinary proceedings***

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished). Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80. In determining whether this final standard is met, we do

not make an independent assessment of the credibility of witnesses or weigh the evidence. *Hill*, 105 S.Ct. at 2774. Instead, our review is "extremely deferential" and the disciplinary proceeding is overturned "only where no evidence in the record supports the decision." *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). Finally, the BOP's failure to follow its own regulations and procedures does not, by itself, "establish a violation of due process, because constitutional minima may nevertheless have been met." *Jacques v. Bureau of Prisons*, 632 Fed. App'x 225, 226 (5th Cir. 2016) (unpublished) (quoting *Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989)).

Haynes' claims chiefly relate to the fact that he was not afforded the full measure of rights guaranteed to criminal defendants. As explained above, however, these rights do not attach in a prison disciplinary proceeding and he can only show a right to relief is he proves that the proceedings did not comport with the minimal guarantees above. Accordingly, Haynes must amend his petition to show a basis for vacating the disciplinary conviction.

***2. Proper party***

The proper party respondent in a habeas petition is the warden of the facility where the petitioner is currently incarcerated. *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2717–18 (2004). Haynes has improperly named the United States of America as sole respondent in this matter. He must dismiss this party as a defendant and instead assert his claims against the warden of FCIO.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Haynes amend his petition to make the corrections noted above and to dismiss those claims he cannot remedy.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Haynes at his last address on file.

**IT IS ORDERED** that Haynes provide the required response within **30 days** of this order.

Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Haynes is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 2nd day of October, 2019.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE