UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN HAYNES** : | | **DOCKET NO. 19-cv-0999** |
| REG. # 06238-078 | | **SECTION P** |
| **VERSUS** : | | **JUDGE JAMES D. CAIN, JR.** |
| **USA** : | | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Steven Haynes. Haynes is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). His petition relates to events that occurred at the Federal Prison Camp in Pensacola, Florida ("FPCP"). This matter was filed in the Northern District of Florida on June 20, 2019. Doc. 1. It was transferred to the Western District of Louisiana, Lake Charles Division on July 31, 2019. Doc. 6. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

The factual background for Haynes' claims, which challenge a prison disciplinary proceeding against him at FPCP, is set forth in our preceding memorandum order. *See* doc. 12. In order to show a right to relief from his prison disciplinary proceeding under § 2241, the Court ordered Haynes to allege a violation of the minimum due process guarantees set forth in *Wolff v.*

*McDonnell*, 94 S.Ct. 2963 (1974) and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985).[1]

Haynes responded with an amended complaint and memorandum, continuing to allege the above civil rights violations and making no challenge under *Wolff's* minimum due process guarantees. Doc. 13. He therefore fails to state a claim cognizable under § 2241.

For the reasons provided above and in our preceding memorandum order,

**IT IS RECOMMENDED** that Haynes's petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 10th day of February, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner was also ordered to dismiss the United States of America as his sole named defendant and name the proper party required for a habeas petition, the warden of the facility where petitioner is currently incarcerated. Doc. 12, p. 5. Petitioner did name R. Myers, warden at FCIO, as the defendant in his Amended Petition. Doc. 13, p. 1.